Shauck, C. J.
The indictment was returned under Section 6907, whose pertinent provisions are, “Whoever, corruptly * * * endeavors to influence * * * any juror, witness or officer in any court of this state in the discharge of his duty * * * shall be fined not more than one hundred dollars or imprisoned not more than twenty days, or both.” The opinion of the court below is presented to us by counsel for the defendant as presenting a concise statement of the reasons which induced that court to sustain the demurrer. It may be conceded that the words written in disparagement of Slater are the matter written with the corrupt purpose of influencing the judges of the circuit court to a decision adverse to him of the cause there pending, that Slater was not a private party to said suit, but was the relator in a suit brought in the name of the state, and that the delivery to the judges of that court of the letter set out in the indictment was a contempt of court. That the delivery of the letter to the judges was a contempt of court is wholly immaterial, for the same act may be both an indictable offense and a contempt of court. Nor is it important to know whether the judges to *467 whom the communication was addressed dealt with the offender for his contempt or not. We have only to inquire' whether the general assembly has made the act an offense against the public. The scope of the act is indicated by the phrase, “Whoever corruptly endeavors to influence any officer in any court of this state in the discharge of his duty.” Its terms do not permit importance to be attached to the considerations that the court may not have been in session when the communication was delivered, or that Slater was not the plaintiff, or that the attempt to influence the decision of the court was very stupid, or that it was ineffectual. Although the things said in disparagement of Slater constituted the consideration which, it was hoped, would move the circuit court, it does not by any means eliminate the other portion of the communication, for that shows unmistakably that the purpose for which the communication was sent and the disparaging things said obviously was to induce the court to render a decision against Slater. It is of no importance whatever that the representation did not concern the merits of the case. Indeed, that the defendant “corruptly endeavored to influence” the judges of the circuit court is made more apparent by the fact that he presented considerations for a determination of the cause which were entirely apart from its merits. In enacting this section of the statute the legislature must have been prompted by a desire to promote decency and propriety in all things pertaining to the administration of justice, for they used, to qualify the endeavoring, the most comprehensive of adverbs. It is quite in accord with the views of *468 all the lexicographers to say “corruptly imports a wrongful design to acquire or cause some pecuniary or other advantage to the person guilty of the act or to some other person.” The act charged in the indictment is plainly within the terms of the statute.

Exception sustained.

Price, Crew, Summers, Spear and Davis, JJ., concur.